# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GREGORY C. HICKMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:18-cv-02424-TLP-tmp |
| v. | ) |
| | ) |
| MEMPHIS POLICE DEPARTMENT, | ) |
| RHONDA HARRIS, BILL OLDHAM, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**ORDER MODIFYING THE DOCKET, DENYING THE PETITION PURSUANT TO 28 U.S.C. § 2241, DENYING THE CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Habeas Petition") filed by Petitioner Gregory C. Hickman, booking number 16135538, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee. (ECF No. 1.)[1] For the reasons stated below, the Court DENIES the Habeas Petition.

**I.     The § 2241 Habeas Petition.**

Petitioner is a pretrial detainee, who claims that his constitutional rights have been violated through his unlawful arrests on December 15, 2016, and January 26, 2017. (ECF No. 1 at PageID 1–2.) Petitioner alleges that, before he was arrested, the MPD had correct and

---

[1] The proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004). Petitioner's custodian at the Shelby County Jail is Sheriff Bill Oldham. The Clerk shall record Respondent as Sherriff Bill Oldham and terminate all references to the Memphis Police Department ("MPD") and Rhonda Harris as Respondents.

true information that the victim had lied under oath. (*Id.* at PageID 6.) He contends that the victim claimed that he raped her in July 2016, but she was six months pregnant on October 28, 2016. (*Id.* at PageID 7.) Petitioner requests that all charges be dropped against him and that he be compensated $2,000 per day for imprisonment and defamation. (*Id.* at PageID 8.)

II.     **Analysis of Petitioner's Claims.**

Except in extraordinary circumstances, not present here, the habeas remedy cannot be invoked to raise defenses to a pending state criminal prosecution. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971) (declining to enjoin prosecution under an unconstitutional statute); *Fenner v. Boykin*, 271 U.S. 240 (1926); *Ex parte Royall*, 117 U.S. 241 (1886); *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir. 1986). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (internal quotation marks and citation omitted). The Supreme Court has emphasized that:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46.

Hickman has not shown the extraordinary circumstances needed to warrant habeas relief as a pretrial detainee. The Habeas Petition is DENIED. Judgment shall be entered for Respondent.

2

**III.    Appealability.**

Federal law requires a district court to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* 28 U.S.C. §2253(a); Fed. R. App. P. 22(b). The COA requirement is applicable in this case pursuant to 28 U.S.C. § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001).

Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005). A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when a petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). But, a COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011).

In this case, there can be no question that Petitioner's claims are without merit. Because any appeal by Petitioner on the issues raised in his § 2241 Petition does not deserve attention, the Court DENIES a COA.

Fed. R. App. P. 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the

district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[2]

**SO ORDERED**, this 7th day of August, 2018.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).